IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

SHAKIRA CARR and
CLARENCE CARR,

        Plaintiff,

v.

MERYAH FINCHER,
DANIELLE CASTELEIRO,
LAS VEGAS DEPARTMENT OF FAMILY SERVICES,
and MEDFORD OREGON DHS CHILD DIVSION

        Defendants.

Case No. 1:23-cv-00832-CL

**OPINION & ORDER**

CLARKE, Magistrate Judge.

Plaintiffs Shakira Carr and Clarence Carr, self-represented litigants, seek to proceed *in forma pauperis* ("IFP") in this action against Defendants Meryah Fincher, Danielle Casteleiro, Las Vegas Department of Family Services, and Medford Oregon DHS Child Division. For the reasons stated below, the Court orders Plaintiffs' Amended Complaint (ECF No. 8) be transferred to the United States District Court for the District of Nevada.

## LEGAL STANDARD

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the

litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, a court must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

This Court previously denied Plaintiffs' IFP Application for lack of personal jurisdiction and improper venue. The Court gave Plaintiffs an opportunity to cure the deficiencies, *see* ECF No. 7, but Plaintiffs have not done so in their Amended Complaint. For these reasons, the Court recommends the case be transferred to United States District Court for the District of Nevada, the district in which the events occurred.

Plaintiffs ostensibly added Defendant Medford Oregon (DHS) Child Division ("DHS") to cure the jurisdictional deficiency. They allege DHS told Defendants Fincher, Casteleiro, and Las Vegas Department of Family Services that Mrs. Carr was being sex trafficked and DHS had an open case against Plaintiffs. ECF No. 7, Ex. C. Plaintiffs' allegations lack the requisite specificity regarding what happened, or precisely which department called whom, and thus fail to state a claim upon which relief may be granted.

As to the remaining Defendants, the Court is still unable to ascertain any basis for the exercise of personal jurisdiction, nor any reason why venue would lie in this district. Plaintiffs' Amended Complaint satisfies federal pleading standards. However, Plaintiffs' claims are directed at Las Vegas residents and arise from events that occurred in Las Vegas. Plaintiffs therefore have failed to state a claim upon which this Court may grant relief.

Transferring the case pursuant to 28 U.S.C. § 1631, rather than *sua sponte* dismissal for lack of personal jurisdiction, is consistent with the law and decisions of other courts in this Circuit.

*See Gilliam v. Givens*, 12 F.3d 1106 (9th Cir. 1993) (finding the district court did not abuse its discretion by dismissing for lack of personal jurisdiction, but reversing and remanding to determine whether the interests of justice require transfer); *Cabell v. Zorro Prods., Inc.*, 2015 WL 452327, at *1 (W.D. Wash. 2015); *see also Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) ("[U]nder § 1915, the district court may consider personal jurisdiction and venue *sua sponte* 'only when the defense is obvious from the facts of the complaint and no further factual record is required to be developed.'").

## ORDER

The Court finds that Plaintiffs' IFP Application (ECF No. 2) be held in abeyance until a court in the proper district can review the Amended Complaint (ECF No. 8). The Clerk of the Court is hereby ORDERED to transfer the case to the United States District Court for the District of Nevada.

DATED this 18 day of October, 2023.

MARK D. CLARKE
United States Magistrate Judge

Page 3 – ORDER & OPINION