UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SHAKIRA CARR and CLARENCE CARR,<br><br>Plaintiff,<br><br>vs.<br><br>MERYAH FINCHER,<br>DANIELLE CASTELEIRO,<br>LAS VEGAS DEPARTMENT OF FAMILY SERVICES, and MEDFORD OREGON DHS CHILD DIVISION,<br><br>Defendants. | CASE No: 2:23-cv-01711-RFB-EJY<br><br><br>**ORDER** |

Pending before the Court is Plaintiffs' application to proceed *in forma pauperis* ("IFP") and Amended Complaint. ECF Nos. 2, 8. Plaintiffs' IFP application is complete and is granted below. I recommend dismissing the Amended Complaint because Plaintiffs fail to state a claim upon which relief may be granted. I also recommend giving Plaintiffs one additional opportunity to amend.

**I.    Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening a complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts liberally construe pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the

standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies cannot be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Plaintiffs allege a series of facts relating to involvements of the "Department of Family Services" and certain social workers with whom they interacted after Shakira Carr gave birth to a baby boy at UMC Hospital in Las Vegas, Nevada. However, Plaintiffs' Amended Complaint fails to state a claim for relief. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). General allegations of wrongdoing in the absence of an identified claim does not satisfy these requirements. *Id.* Because § 1983 "is not itself a source of substantive rights," but merely provides "a method for vindicating federal rights elsewhere conferred," the first step is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotations omitted). Indeed, Rule 8 of the Federal Rules of Civil Procedure requires a complaint to plead not only sufficient facts to give a defendant fair notice of the claims against him, but also the grounds upon which it rests. *Yamaguchi v. United States Department of the Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997) (citations omitted). "[A] pleading may not simply allege a wrong has been committed and demand relief." *Sherrell v. Bank of Am., N.A.*, Case No. CV F 11-1785-LJO (JLT), 2011 WL 6749765, at *4 (E.D. Cal. Dec. 22, 2011).

Plaintiffs' allegations fail to identify a cause of action and, while the allegations are sufficiently understood, the Court cannot discern what claim or claims it is Plaintiffs seek to assert. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief). The pleading standard established by Federal Rule of Civil Procedure 8 "does not require detailed

factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. 678 (internal quotation omitted).  Plaintiffs' Amended Complaint says the Department of Family Services and individual Social Workers did them wrong, but fails to identify a single claim against Defendants as required by Rule 8.  *Benitez v. Schumacher*, Case No. 2:20-CV-00396-FMO-SHK, 2020 WL 6526352, at *12 (C.D. Cal. May 4, 2020).

## II.    Order

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' application to proceed *in formal pauperis* (ECF No. 2) is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs have one additional opportunity (their third time) to replead their claims.  The pleading must be titled "Second Amended Complaint" and must include not only facts, but the causes of action—the specific constitutional rights or identification of federal laws—violated by each defendant.  Plaintiffs must tie the alleged action to the alleged violation of law.

Plaintiffs are advised that if they file a second amended complaint, the Amended Complaint (ECF No. 8) no longer serves any function in this case.  The judge screening the second amended complaint cannot refer to the original complaint or any allegation therein when determining if Plaintiffs sufficiently state a claim.  As such, the second amended complaint must be complete in and of itself without reference to prior pleadings or other documents.

IT IS FURTHER ORDERED that if Plaintiffs choose to file a second amended complaint, the second amended complaint be filed no later than **30 days after** the date of this Order.

IT IS FURTHER ORDERED that if Plaintiffs fail to comply with the terms of this Order the Court will recommend Plaintiffs' action be dismissed in its entirety, but without prejudice.

Dated this 22nd day of January, 2024.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE